IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES ROBERT FAVINGER, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES T. WYNDER, et al., | : | NO. 07-794 |
| Respondents. | : | |

### REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

Now pending before this court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Institution at Dallas, in Dallas, Pennsylvania. For the reasons which follow, it is recommended that the petition be DENIED and DISMISSED.

I.     PROCEDURAL HISTORY

On November 14, 1990, following a jury trial presided over by the Honorable Scott D. Keller of the Berks County Court of Common Pleas, petitioner was convicted of first degree murder, two counts of robbery, and two counts of aggravated assault. On May 5, 1992, the trial court sentenced petitioner to a term of life imprisonment for the murder conviction and a consecutive term of six (6) to twelve (12) years imprisonment for the robbery convictions.

Petitioner filed a direct appeal to the Superior Court of Pennsylvania on June 3, 1992. On January 12, 1993, the Superior Court affirmed petitioner's judgment of sentence. Petitioner then filed a request for allowance of appeal to the Pennsylvania Supreme Court, which

was denied on November 17, 1993.

On January 14, 1997, petitioner filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, et seq. The court appointed counsel, who then filed a no merit letter in compliance with Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1998). The PCRA court gave petitioner notice of intent to dismiss the petition. Petitioner failed to respond to notice of intent to dismiss. On March 3, 1998, the PCRA court dismissed petitioner's petition. Petitioner did not appeal.

On May 12, 2006, petitioner filed a second PCRA petition. On May 25, 2006, the PCRA court entered an order and notice of intent to dismiss the petition as untimely. The PCRA court dismissed petitioner's second PCRA petition on June 26, 2006. Petitioner filed a notice of appeal to the Superior Court. On January 25, 2007, the Superior Court affirmed the PCRA court's dismissal of petitioner's petition as untimely.

On February 26, 2007, petitioner filed the instant petition seeking habeas corpus relief. Respondents assert that this petition is time-barred, and must be dismissed, as petitioner is not entitled to habeas review or relief. We agree.

III.   TIMELINESS

Petitioner's allegations of substantive grounds for relief need not be examined, as these claims are barred by the procedural obstacle of timeliness. A strict one-year time limitation on the filing of new petitions is set forth in the federal habeas statute, 28 U.S.C. § 2241, et seq., which was amended under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted on April 24, 1996. Under section 2244(d), the AEDPA provides:

A 1-year period of limitation shall apply to an application for a writ of habeas

corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of-

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by the state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244 (d)(1) (1996).

This statute also creates a tolling exception which notes that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2254(d)(2). A "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). If a petitioner files an out of time application and the state court dismisses it as time-barred, then it is not deemed to be a

"properly filed application" for tolling purposes. Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).

In the case at bar, petitioner was sentenced on May 2, 1992. Petitioner's conviction became final on November 17, 1993, when the Pennsylvania Supreme Court denied petitioner's petition for allowance of appeal. Following the enactment of the AEDPA one-year period of limitations, the Third Circuit Court of Appeals interpreted the amendment to provide for a "one year grace period" following its effective date of April 24, 1996. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998) ("applying § 2244(d)(1) to bar the filing of a *habeas* petition before April 24, 1997, where the prisoner's conviction became final before April 24, 1996, would be impermissibly retroactive"). As a result, any petitioner whose conviction was final prior to the enactment of the limitations period was permitted to file for federal *habeas corpus* relief until April 24, 1997. Thus, petitioner here, whose conviction became final on November 17, 1993, had until April 24, 1997, to file a timely petition for writ of habeas corpus. Petitioner filed a PCRA petition but it was not within the one year time limit, hence the habeas corpus statute of limitations was not tolled. The instant habeas petition was not filed until February 26, 2007, approximately nine years and ten months after the deadline for filing, leaving this court with no choice but to dismiss the request for relief as untimely without consideration of the merits.

One avenue of relief remains for petitioner. The statute of limitations set forth in the AEDPA is subject to equitable tolling. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Id. (quotation omitted). The

Third Circuit has set forth three circumstances permitting equitable tolling: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (internal quotations omitted). "In non-capital cases, attorney error, miscalculation, inadequate research or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001), cert. denied, 122 S. Ct. 323 (2001) (citing cases). Petitioner has failed to argue that any valid circumstances exist to equitably toll the statute of limitations, and thus the habeas petition must be dismissed in its entirety.

Therefore, I make the following:

## RECOMMENDATION

AND NOW, this _____ day of July, 2007, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be DENIED AND DISMISSED. It is also RECOMMENDED that a certificate of appealability not be granted.

BY THE COURT:

  /S LINDA K. CARACAPPA  
LINDA K. CARACAPPA  
UNITED STATES MAGISTRATE JUDGE